UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM CARTER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:05-CV-1346-TCM |
| R. TIMOTHY BICKHAUS, | ) |
| Defendant. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the motion of William Carter for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with plaintiff's motion, the Court will grant plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The Court has also reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and will dismiss it prior to service of process.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v.*

*Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC") in Farmington, Missouri, seeks monetary and injunctive relief pursuant to 42 U.S.C. § 1983.[1] Named as the sole defendant is R. Timothy Bickhaus, a state prosecuting attorney. Plaintiff alleges that defendant Bickhaus entered into a "contract plea agreement" with plaintiff. Plaintiff alleges that defendant breached said contract when he was removed from the Fulton State Hospital and placed in the MSOTC. As a result of the alleged breach of contract, plaintiff seeks monetary damages and enforcement of the plea agreement.

**Discussion**

Plaintiff's complaint against defendant Bickhaus is legally frivolous. A state prosecutor is entitled to absolute prosecutorial immunity for claims arising out of his conduct during a plaintiff's criminal prosecution. *See, e.g., Burns v. Reed*, 500 U.S. 478 (1991) (prosecutors are "absolutely immune from damages liability . . . for eliciting false and defamatory testimony from witnesses"); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir.) ("allegations that a prosecutor knowingly offered, used or presented false, misleading or perjured testimony at trial . . . do not defeat absolute prosecutorial immunity, regardless of how reprehensible such conduct would be if it occurred"), *cert. denied*, 484 U.S. 828 (1987); *White v. Murphy*, 789 F.2d 614, 615-16 (8th Cir. 1986) (conspiracy to conceal an unlawful arrest and suppress favorable evidence does not defeat absolute prosecutorial

---

[1]The Court notes that although plaintiff cites 42 U.S.C.§ 1981(b) and amendments to the United States Constitution as causes of action, only 42 U.S.C. § 1983 forms a basis for plaintiff's cause of action. "The purpose of 42 U.S.C. § 1981(b) is to prohibit discrimination in the 'performance, modification and termination of contracts,'" *Williams v. Lindenwood University*, 288 F.3d 349, 355 (8th Cir. 2002), and there is no allegation that plaintiff was the subject of discrimination concerning any activity enumerated in the statute. Nor may plaintiff bring claims solely pursuant to an amendment of the Constitution independent of a cause of action. *See Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992).

immunity). Negotiating a plea agreement is clearly inherent in defendant Bickhaus's conduct of plaintiff's criminal prosecution and, as such, is protected by absolute immunity. *See Patnoe v. Hennepin County*, 2003 WL 22076562, *4 (D.Minn.2003).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED**. *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 3] be **DENIED**, as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this 3rd day of November, 2005.

_____
**UNITED STATES DISTRICT JUDGE**